CARLOS J. TORRES, querellante y apelante, *v.* PORTO RICO DAIRY, INC., ET AL., querellados y apelados.

No. 6151.—*Sometido:* Noviembre 24, 1933. *Resuelto:* Abril 25, 1934

·*Carlos J. Torres,* por su propio derecho; *C. Coll y Cuchí,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal. El artículo 22 de la Ley de Corporaciones (Compilación ·de 1911, sección 428) dispone:

"Si así se dispusiere en las cláusulas de incorporación archivadas, ¨bien originales o enmendadas, en cualquiera elección de directores de ¨una corporación organizada bajo esta ley, cada accionista tendrá de-:recho a un número de votos igual al de sus acciones multiplicadas por el número de directores que haya de elegirse, pudiendo dar todos ·estos votos a un solo director, o distribuirlos entre los que hayan de

votarse, o entre dos o más de éstos, según tuviere por conveniente, el cual derecho, al ejercitarse, se denominará 'votación acumulativa.' No podrá votarse en una elección por ninguna acción que hubiere sido transferida en los libros de la corporación dentro de los veinte días anteriores a dicha elección. A no disponerse otra cosa en las cláusulas de incorporación, en toda elección, cada accionista, fuere o no residente, tendrá derecho a un voto en persona o por apoderado, por cada acción del capital social que poseyere; pero ningún poder para votar será válido a los tres años de haberse otorgado. Las acciones del capital de una corporación, perteneciente a la misma, conocidas generalmente bajo la denominación de 'acciones de tesorería', no darán derecho a voto, directa ni indirectamente. Toda persona que poseyere acciones en calidad de representante o fiduciario podrá representarlas en todas las sesiones de la corporación, y todo accionista que tuviere pignoradas sus acciones en forma de garantía colateral, podrá votar por virtud de ellas como accionista, a menos que en el traspaso hecho al depositario en los libros de la corporación, se hubiere expresamente conferido poder al depositario para votar por virtud de dichas acciones, y en este caso sólo el depositario o su apoderado, podrá representar dichas acciones y votar por ellas.''

La Porto Rico Dairy, Inc., se constituyó sin incluir en sus cláusulas de incorporación la disposición sobre ''votación acumulativa'' contenida en el artículo 22, supra.

El 30 de abril de 1932 esta corporación celebró elecciones. Uno de los accionistas, que dominaba 657 votos, procedió a nominar siete directores y a dar todos esos votos a cada uno de los directores que había que elegir. Carlos J. Torres también estaba presente en la votación y era dueño o disponía de 223 acciones o votos, que procedió a darse a sí mismo como uno de los directores. El resultado, según lo anunció el inspector de la elección, fué que salieron electos los siete candidatos arriba mencionados, habiendo recibido cada uno de ellos los susodichos 657 votos.

Carlos J. Torres presentó a la Corte de Distrito de San Juan una petición en que alegó que la elección fué ilegal y que debió haber sido declarado debidamente electo. Su idea

era que los 657 votos debían distribuirse entre los varios directores objeto de ellos. Por supuesto, entonces los 223 votos excederían a los obtenidos por uno o más de los otros candidatos.

La corte resolvió que como no se dispuso en las cláusulas de incorporación el voto acumulativo de que habla la ley, la regla hecha para proteger a una minoría de accionistas no era aplicable a este caso; que si la corporación o el demandante hubieran deseado protegerse, se habría logrado ese fin efectuando un cambio en las cláusulas.

De acuerdo con varios preceptos de la ley, todo accionista tiene derecho a un voto por cada acción que posea. La regla ordinaria es, según la conocemos, que un accionista puede votar por cada candidato, con el número de acciones de que disponga. Nada hay en la ley que exija, según sostiene el apelante, que un accionista divida su número total de acciones o votos entre todos los directores a ser elegidos. El juez de la corte de distrito hizo clara la situación con un ejemplo. Dijo que en vez de elegirse conjuntamente a los siete directores, cada uno de ellos pudo haber sido elegido separadamente, y entonces, por supuesto, si sólo había que votar por una persona, cada accionista tendría derecho a depositar todos sus votos a favor de cada candidato.

Otra ilustración puede servir para aclarar la situación. Supongamos que en una corporación hay 50 acciones y que los accionistas, para sus propios fines, desean nombrar 55 agentes para toda la Isla. Entonces, de acuerdo con la teoría del apelante, algunos de los agentes no podrían obtener un voto.

Hemos examinado la jurisprudencia citada por el apelante, y no es de gran peso para la cuestión que se ventila.

*Debe confirmarse la sentencia apelada.*